1  LAURA E. DUFFY
   United States Attorney
2  DAVID P. FINN
   Special Assistant United States Attorney
3  California State Bar No. 249247
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-7342

6  Attorneys for Plaintiff
   United States of America

7              **UNITED STATES DISTRICT COURT**

8            **SOUTHERN DISTRICT OF CALIFORNIA**

9                                  ) Case No.: 13CR2295-AJB
   UNITED STATES OF AMERICA,       )
10                                 ) **The United States' Notice of**
              Plaintiff,           ) **Motion and Motion For**
11                                 ) **Protective Order Regarding**
        vs.                        ) **Discovery and Grand Jury**
12                                 ) **Material**
   RICARDO LOPEZ-MUNGUIA,          )
13                                 )
        aka Gustavo Madrigal,      ) Date: July 26, 2013
14                                 ) Time: 1:30 p.m.
              Defendant.           )
15                                 )
                                   )
16  _____) Honorable Anthony J. Battaglia

17

18  **To: Bridget Kennedy, Federal Defenders of San Diego, Inc.**

19       **PLEASE TAKE NOTICE** that on July 26, 2013, at 1:30 p.m., or
    as soon thereafter as counsel may be heard, the plaintiff,
20  UNITED STATES OF AMERICA, by and through its counsel, Laura E.
    Duffy, United States Attorney, and David P. Finn, Special
21  Assistant U.S. Attorney, will ask for a protective order
22  regarding discovery in the above captioned case.
23

24

25

26

27  //
28

        Motion for Protective Order- 1                    12CR2295-AJB

**MOTION**

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and David P. Finn, Special Assistant United States Attorney, hereby moves this Court for an order granting the following motion for:

1.   Protective Order Regarding Discovery and Grand Jury Material

The motion noted above is based on the files and records of this case, including the Indictment, together with the attached memorandum of points and authorities.

DATED: July 24, 2013

                                        Respectfully submitted,


                                        LAURA E. DUFFY
                                        United States Attorney

                                        *S/David P. Finn*
                                        David P. Finn
                                        Special Assistant
                                        U.S. Attorney

LAURA E. DUFFY
United States Attorney
DAVID P. FINN
Special Assistant United States Attorney
California State Bar No. 249247
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7342

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  vs.<br><br>RICARDO LOPEZ-MUNGUIA,<br><br>   aka Gustavo Madrigal,<br><br>      Defendant. | ) Case No.: 13CR2295-AJB<br>)<br>) **Memorandum of Points and**<br>) **Authorities in Support of The**<br>) **United States' Motion For**<br>) **Protective Order Regarding**<br>) **Discovery and Grand Jury**<br>) **Material**<br>)<br>) Date: July 26, 2013<br>) Time: 1:30 p.m.<br>)<br>) Honorable Anthony J. Battaglia |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, David P. Finn, Special Assistant U.S. Attorney, and hereby moves the Court for a protective order to safeguard discovery in the above-captioned case against defendant Ricardo Lopez-Munguia, aka Gustavo Madrigal. This motion is based upon the files and records of this case and the argument set forth below.

The United States respectfully requests that the Court enter the proposed order granting its motion in order to safeguard discovery that will be produced to defense counsel.

# I

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court has the power to issue "protective and modifying orders" regulating discovery and grand jury material. See Fed. R. Crim. P. 16(d)(1). Specifically, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. Id.; see also Alderman v. United States, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of materials which they may be entitled to inspect"); United States v. Oaks, 508 F.2d 1403, 1405 (9th Cir. 1974) (court issued a protective order due to its concern of the disclosure of confidential information that appeared on the tax returns).

Here, Defendant has been charged with harboring illegal aliens for financial gain and aggravated identity theft that involved using both real and fictitious identities (including names, dates of birth, Social Security numbers, etc.) on fraudulent employment documents. The Defendant worked as a senior manager for a janitorial company named Servi-Tek, Inc. The discovery material contains personal identification information of current and additional possible victims of identity theft, including current and former Servi-Tek employees. This personal identification information was used by Defendant to commit the alleged criminal acts. In addition, the discovery contains business records belonging to Servi-Tek, Inc. that deal with that company's business practices, contracts with customers, and other business-sensitive materials. These business records may impact the business of

Servi-Tek if they were disclosed to the public, including its business competitors. As such, the disclosure of discovery should be limited to only those individuals who are personally and directly involved in preparing the defense and trial of this criminal case and for no other purpose. This personal identification information and other sensitive business records should not be shared with third parties outside of the defense team. Consequently, the United States moves for a protective order to safeguard the discovery material from disclosure.

Therefore, in order to balance the needs and rights of the Defendant with the United States' concerns and the privacy and safety concerns of third parties, the United States respectfully requests that the Court enter the concurrently submitted protective order.

The protective order should:

1. Prohibit the members of the defense team from distributing, disseminating, disclosing, or exhibiting discovery and grand jury material to any person who is not part of the defense team and for any purpose other than preparing a defense of this case;

2. Require that the defense team take all reasonable steps to (1) maintain the confidentiality of the discovery and grand jury material, and (2) safeguard the discovery and grand jury material produced in this case from inadvertent disclosure or review by any third party;

3. Require each counsel of record to ensure that every member of his/her defense team is advised of the protective order and has agreed to be bound by its terms;

4. Require that if, in the course of preparing the defense in this case, counsel of record or any member of his/her defense team needs to disclose discovery and grand jury

Motion for Protective Order- 5                    12CR2295-AJB

material to any person outside of his/her defense team (such as to a third-party witness), counsel of record must obtain prior written authorization from the Court, with such authorization to require that any such person to whom discovery and grand jury material is disclosed agree to be bound by the terms of the protective order, that discovery and grand jury material be only shown to, and not left with, such person, and that the discovery and grand jury material remain in the custody and control of the defense team;

5.   To the extent that any of the discovery and grand jury material contains any individual's personal identification information, within the meaning of General Order No. 514, require that any filings with the Court referencing or containing said discovery and grand jury material, or any disclosure of said discovery and grand jury material to witnesses must be redacted in a manner consistent with General Order No. 514;

6.   Require that no member of the defense team, including the defense attorney, reveal to Defendants any personal identification information, within the meaning of General Order No. 514, that is contained in the discovery and grand jury material produced by the United States related to any victim or witness of Defendant's alleged fraud, as described in the Indictment or any other charging document, unless the Court orders that the defendant may review the personal identification information;

7.   Require defense counsel to return any discovery and grand jury material produced pursuant to the protective order to the United States within ten (10) days should defense counsel withdraw or become disqualified from participation in this case;

8.     Require that nothing in the protective order shall be construed as enlarging the United States' discovery obligations or creating any right to material not otherwise discoverable, as determined by the United States or as directed by the Court; and

9.     Require that the defense team return any and all copies of the discovery and grand jury material to the United States within ninety (90) days of the conclusion of the proceedings, including any appeal.

## II

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter a protective order covering any and all discovery in this case.


DATED: July 24, 2013

                                        Respectfully submitted,


                                        LAURA E. DUFFY
                                        United States Attorney

                                        *S/David P. Finn*
                                        David P. Finn
                                        Special Assistant
                                        U.S. Attorney

Motion for Protective Order- 7                          12CR2295-AJB

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

RICARDO LOPEZ-MUNGIA,

        Defendant.

Case No.: 13CR2295-AJB

**Certificate of Service**

    The United States Attorney charges:

    IT IS HEREBY CERTIFIED THAT:

    I, David P. Finn, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action.  I have caused service of UNITED STATES' MOTION FOR A PROTECTIVE ORDER on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Bridget Kennedy, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on July 24, 2013

                    s/ David P. Finn

                    DAVID P. FINN